UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NRG ENERGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. ___4:25-cv-1790___ |
| v. | § | |
| | § | Jury Trial Demanded |
| NEXTNRG HOLDING CORP., | § | |
| EZFILL HOLDINGS, INC., | § | |
| NEXT CHARGING LLC, | § | |
| AND NEXT NRG, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff NRG Energy, Inc. ("Plaintiff" or "NRG Energy"), by its undersigned attorneys, alleges as follows for its Original Complaint against NextNRG Holding Corp., EzFill Holdings, Inc., Next Charging LLC, and NEXT NRG, LLC (collectively, "Defendants" or "NextNRG"):

## PARTIES

1.      NRG Energy is, and at all relevant times has been, a corporation organized and existing under the laws of Delaware, with principal places of business at 910 Louisiana Street, Houston, Texas 77002, and 804 Carnegie Center Drive, Princeton, New Jersey 08540.

2.      On information and belief, NextNRG is a group of corporations and limited liability companies which advertise, promote, and sell the products and services

- 1 -

at issue in the lawsuit throughout the United States, including in this judicial district, consisting of at least NextNRG Holding Corp., EzFill Holdings, Inc., Next Charging LLC, and NEXT NRG, LLC.

3.      On information and belief, NextNRG Holding Corp. is a Nevada corporation with its principal place of business at 407 Lincoln Road, Suite 701, Miami Beach, Florida 33139.

4.      On information and belief, EzFill Holdings, Inc., is a Delaware corporation with its principal place of business at 67 NW 183rd Street, Miami, FL 33169.

5.      On information and belief, Next Charging LLC is a Florida corporation with its principal place of business at 407 Lincoln Road, Suite 701, Miami Beach, Florida 33139, or was the predecessor entity to NextNRG Holding Corp.

6.      On information and belief, NEXT NRG LLC is a Delaware corporation with its principal place of business at 407 Lincoln Road, Suite 701, Miami Beach, Florida 33139.

<u>**JURISDICTION AND VENUE**</u>

7.      This is an action based on trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 § U.S.C. 1051 *et seq.* (the "Lanham Act"), and related claims under the laws of the State of Texas.

8.      The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C. §§ 1114 and 1121.

9.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a)

over Plaintiff's claims under state law.

10.    Though incorporated outside of Texas, NextNRG serves Texas businesses and consumers, including those in Houston. In December 2024, NextNRG purchased 78 trucks and a company's mobile fueling division to expand its fuel-delivery services to new Texas metro-area markets, including Houston. In April 2025, NextNRG announced that it was expanding its operations in Texas by providing a fueling logistics platform and on-site fuel-delivery services to Sunbelt Rentals, an equipment-rental company with numerous storefronts throughout Texas, including more than 20 in the Houston area.

11.    By directing its activities to Texas businesses and customers, NextNRG has purposefully availed itself of the privilege of doing business in Texas, including in this judicial district.

12.    Upon information and belief, NextNRG is offering or plans to offer its services throughout Texas under the NEXTNRG mark. NextNRG's activities accordingly give rise to, or are related to, Plaintiff's claims.

13.    The Court has personal jurisdiction over NextNRG because NextNRG has minimum contacts with Texas and has purposefully directed its tortious acts to Texas. In addition, NextNRG has committed a tort and continues to engage in tortious conduct, in whole or in part, in the State of Texas against Plaintiff, a company with a principal place of business in Texas.

14.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because NextNRG is deemed to reside in this judicial district under § 1391(c)(2) and (d).

## THE FACTS

**Plaintiff, Its Business, and Its NRG Mark**

15.     NRG Energy is a leading power company and provider of retail electricity and energy-related services in the United States.  Plaintiff and its affiliates provide electricity- and energy-related services to customers throughout the United States, including in this judicial district. NRG Energy's power plants have approximately 23,000 megawatts of generation capacity, and various subsidiaries serve more than 7 million customers in 24 states.  In addition to its traditional power generation and service business, NRG Energy and its affiliates provide innovative energy options through solar, wind, and other renewable or "green" sources, as well as associated programs and services which promote energy conservation and efficiency.

16.     NRG Energy conducts its business under various marks which incorporate "NRG" (the "NRG Marks").  NRG Energy began using the NRG Mark in the United States at least as early as 1989. Since that time, Plaintiff has continuously used the NRG Mark in commerce. Specifically, NRG Energy has offered under the NRG Mark a wide variety of services in the energy and power industries, including electricity and energy-related generation, distribution, sale, consultation, research, management, brokerage, and utility services for commercial, industrial, and residential customers in the United States.

17.     NRG Energy uses and has used the NRG Mark in connection with alternative and renewable energy services including solar energy services. Opposer has a

- 4 -

long history of financing and development of solar energy projects in the United States.

18.    NRG Energy owns a domain name registration for nrgenergy.com, through which its goods and services are promoted.

19.    NRG Energy has advertised and promoted its NRG Mark and has spent considerable time and money promoting and advertising its goods and services sold under the NRG Mark.

20.    NRG Energy has prominently used and promoted the NRG Mark in various media in the manner customary for its business.

21.    In addition, NRG Energy has prominently used the NRG Mark through sponsorships of events and venues, including, among other things, promoting the NRG brand at football games, concerts, rodeos, and conventions at NRG Stadium and Park.

22.    As a result of these efforts, consumers in this judicial district and from across the country have come to know Plaintiff by its NRG Marks.

23.    As a result of NRG Energy's usage and promotion of its NRG Mark, it has become distinctive to designate NRG Energy's goods and services, to distinguish these goods and services from others, and to distinguish the source or origin of these goods and services.

24.    Through its usage and promotion of the NRG Mark, NRG Energy has developed valuable goodwill and strong common-law rights in the marks.

**Registration of the NRG Mark**

25.    In accordance with the provisions of the Lanham Act, NRG Energy has registered many of its NRG Marks on the Principal Register of the United States Patent &

Trademark Office (the "NRG Registrations").  The table below contains a selection of the

NRG Registrations for energy-related services.

| Mark | Reg. No. | Reg. Date | Goods & Services |
|---|---|---|---|
| NRG | 2182531 | Aug. 18, 1998 | [39] Non-regulated utility services in the nature of operation of power cogeneration facilities, transmission facilities, and resource recovery facilities and consultation services rendered in connection therewith.<br><br>[40] Non-regulated thermal energy production services. |
| NRG | 4016975 | Aug. 23, 2011 | [37] Construction planning and custom construction of electric power plants, namely, wind, solar, nuclear, coal fired power plants; Installation and maintenance of power plants, namely, wind, solar, nuclear, coal fired power plants and plants using bio-mass fuels. |
| NRG | 4029969 | Sep. 20, 2011 | [35] Consultation services in the field of managing electric generation facilities.<br><br>[40] Non-regulated utility services in the nature of power generation; consultation services in the fields of power generation. |
| NRG &  | 4195793 | Aug. 21, 2012 | [35] Consultation services in the field of managing electric generation facilities; Billing services; Providing information regarding energy efficiency and energy usage management to commercial, industrial and institutional customers; commercial and industrial management assistance, namely, controlling and managing of energy usage for commercial, industrial, and institutional customers; promoting public awareness of the need for |

| Mark | Reg. No. | Reg. Date | Goods & Services |
|------|----------|-----------|------------------|
| | | | environmentally friendly energy use and renewable energy generation alternatives; Business consultation services for the energy industry; Billing for energy suppliers; Business marketing consulting services in the energy industry; Business support services for energy suppliers, namely, providing billing information to energy consumers<br><br>[36] Brokerage of energy, namely, electric power; consultation services in the field of commodity trading, namely, trading of electricity<br><br>[37] Construction planning and custom construction of electric power plants, namely, wind, solar, coal fired power plants; Installation and maintenance of power plants, namely, wind, solar, coal fired power plants; maintenance and overhaul of engines, compressors and auxiliary equipment for reciprocating engine facilities in the electric generation and gas compression industries<br><br>[40] Production and generation of electricity; Consultation services in the fields of power generation |
| NRG | 5134090 | Jan. 31, 2017 | [35] Billing services in the field of the provision of electricity; providing a web site featuring information in the field of energy information and energy use management, namely, power consumption, energy market trends, pricing, analytics tool and billing information; energy use management, namely, business operation of equipment and systems for computerized energy management systems for energy storage of the electric grid; |

| Mark | Reg. No. | Reg. Date | Goods & Services |
|------|----------|-----------|------------------|
| | | | providing consumer information in the field of charging systems and demand-response controls; business services, namely, business operation and management of power generation equipment and facilities for others; home warranty services, namely, arranging for repairs and replacement of major home systems, appliances and parts thereof provided by others pursuant to service agreements; providing a website featuring products and services of home service providers relating to in-home energy; usage; retail electricity provider services, namely, providing a service that allows customers to purchase energy, namely, electricity, gas and renewable energy; arranging and conducting incentive reward programs to promote the sale of electricity, gas and renewable energy; providing commercial and consumer information about environmentally-friendly innovations for homeowners. [36] Providing home warranty administration; providing financing to assist homeowners with the purchase and lease of solar power generation equipment. [37] Maintenance and overhaul of engines, compressors and auxiliary equipment for reciprocating engine facilities in the electric generation and gas compression industries; battery charging services; charging station services for rechargeable equipment. [39] Non-regulated utility services in the nature of power cogeneration facilities and resource recovery facilities, namely, carbon capture and electricity power grid load shifting and consultation services regarding electricity power grid load |

| Mark | Reg. No. | Reg. Date | Goods & Services |
|---|---|---|---|
| | | | shifting; distribution of electricity.<br><br>[40] Generation of electricity from solar energy.<br><br>[42] Providing technological information about energy efficiency; providing technological scientific information about environmentally-friendly innovations for homeowners; providing technological information about energy efficiency. |
| NRG &<br><br>**nrg** | 5134091 | Jan. 31, 2017 | [35] Providing a web site featuring information in the field of energy information and energy use management, namely, power consumption, energy market trends, pricing, analytics tool and billing information; energy use management, namely, business operation of equipment and systems for computerized energy management systems for energy storage of the electric grid; providing consumer information in the field of charging systems and demand-response controls; business services, namely, business operation and management of power generation equipment and facilities for others; home warranty services, namely, arranging for repairs and replacement of major home systems, appliances and parts thereof provided by others pursuant to service agreements; providing a website featuring products and services of home service providers relating to in-home energy; usage; retail electricity provider services, namely, providing a service that allows customers to purchase energy, namely, electricity, gas and renewable energy; arranging and conducting incentive reward programs to promote the sale of electricity, |

| Mark | Reg. No. | Reg. Date | Goods & Services |
|------|----------|-----------|------------------|
| | | | gas and renewable energy; providing commercial and consumer information about environmentally-friendly innovations for homeowners<br><br>[36] Providing home warranty administration; providing financing to assist homeowners with the purchase and lease of solar power generation equipment; consultation services in the field of trading of electricity<br><br>[37] Battery charging services; charging station services for rechargeable equipment<br><br>[39] Non-regulated utility services in the nature of power cogeneration facilities and resource recovery facilities, namely, carbon capture and electricity power grid load shifting and consultation services regarding electricity power grid load shifting; distribution of electricity<br><br>[40] Production and generation of non-regulated thermal energy; generation of electricity from solar energy<br><br>[42] Providing technological information about energy efficiency; providing technological scientific information about environmentally-friendly innovations for homeowners; providing technological information about energy efficiency |

26.      The NRG Registrations are owned by NRG Energy and are valid and subsisting. Attached as **Exhibit 1** are true and correct copies of the certificate of registration for the NRG Registrations.

27.      The NRG Registrations constitute *prima facie* evidence of: (a) the validity

of the marks and registrations; (b) NRG Energy's ownership of the marks; and (c) NRG Energy's exclusive right to use the marks on or in connection with the goods and services specified in the registrations.  15 U.S.C. §§ 1057(b) and 1115(a).  In addition, Plaintiff's registrations constitute constructive notice of NRG Energy's claim of ownership.  15 U.S.C. § 1072.

28.      Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, all of the above NRG Registrations are incontestable.

**NextNRG's Wrongful Activities**

29.      According to publicly available information, NextNRG purports to be engaged in developing energy-related goods and services, including renewable energy, energy generation, batteries, vehicle charging and mobile fueling, wireless charging, microgrids, and solar panels.

30.      NextNRG uses the marks NEXT NRG, NEXTNRG, NEXTNRG and Design ( **NextNRG** ), and related marks, trade names, social media handles, and domain names, which include "NRG" (the "NEXTNRG Mark"), in connection with its business.

31.      Upon information and belief, NextNRG promotes, offers to sell, and is selling its services under the NEXTNRG Mark in commerce in the United States, including in this judicial district.

32.      NextNRG's use of the NEXTNRG Mark commenced long after Plaintiff began its extensive use of the NRG Mark.

33.     NextNRG's use of the NEXTNRG Mark in the United States began after Plaintiff had applied for and obtained many of the NRG Registrations.

34.     At the time it began use of the NEXTNRG Mark, NextNRG either knew or had reason to know of NRG Energy's prior rights in the NRG Mark, and its use of the NRG mark in connection with its goods and services.

35.     After NextNRG began use of the NEXTNRG Mark, NRG Energy sent demand letters to NextNRG, informing NextNRG that its conduct violated NRG Energy's rights.

36.     In addition, NRG Energy filed letters of protest with the USTPO against the NEXTNRG Mark, which the USPTO accepted.

37.     The USPTO initially refused to register NextNRG's application No. 98122538 for NEXTNRG and application No. 98122551 for NEXT NRG based on a likelihood of confusion with NRG Energy's registered marks, among other third-party registrations.

38.     After NextNRG received actual notice of violating NRG Energy's rights, NextNRG expressly abandoned its application No. 98122538 for NEXTNRG on February 3, 2025.

39.     After NextNRG received actual notice of violating NRG Energy's rights, NextNRG abandoned its application No. 98122551 for NEXT NRG on July 29, 2024.

40.     Nevertheless, since that time, NextNRG has amplified its use of the NRG Mark, even after receiving notice of violating NRG Energy's rights, in an apparent attempt to trade off of the goodwill NRG Energy has developed in its NRG Mark.

41.     Upon information and belief, NextNRG amplified and expanded its use of the NRG Mark after receiving notice of violating Plaintiff's rights by rebranding or changing its name from Next Charging LLC to NextNRG, Inc.

42.     Upon information and belief, NextNRG amplified and expanded its use of the NRG Mark after receiving notice of violating Plaintiff's rights by changing its name from EzFill Holdings, Inc. to NextNRG, Inc.

43.     Upon information and belief, NextNRG amplified its use of the NRG Mark after receiving notice of violating NRG Energy's rights by conducting an IPO under the name NextNRG, Inc.

44.     Upon information and belief, NextNRG amplified its use of the NRG mark after receiving notice of violating NRG Energy's rights by advertising and seeking investments under the NEXTNRG Mark.

45.     NextNRG's commercial use of the NEXTNRG Mark in commerce is without the permission or authorization of NRG Energy.

46.     NextNRG's commercial use of the NEXTNRG Mark is virtually identical to, and confusingly similar to, NRG Energy's use of its NRG Mark. The NEXTNRG Mark incorporates the NRG Mark in its entirety.

47.     NextNRG presents its mark visually so as to emphasize the "NRG" element , as "NextNRG," as shown at https://nextnrg.com/ , for example.

48.     NextNRG's unauthorized use of the NEXTNRG Mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, sponsorship, approval, or affiliation of NextNRG's business, products, or services.  Consumers are

likely to believe, erroneously, that NextNRG's goods and services are affiliated or connected with the goods and services offered by NRG Energy under the NRG Mark.

49.    NRG Energy has been and will continue suffering irreparable injury and substantial damages because of NextNRG's unauthorized use of the NEXTNRG Mark. If NextNRG's unfairly competitive, infringing activities are not preliminarily and permanently enjoined by this Court, NRG Energy and the consuming public will continue to be irreparably harmed.

50.    Further, unless restrained by this Court, these acts of NextNRG will continue, and they will continue to cause irreparable injury to NRG Energy and the public, for which there is no adequate remedy at law.

51.    NextNRG's infringement, unfair competition, and other wrongful acts complained of herein have been deliberate, willful, intentional, in bad faith, and with full knowledge and conscious disregard of NRG Energy's rights. In view of the egregious nature of NextNRG's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

52.    NRG Energy repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

53.    NRG Energy owns senior, enforceable federal rights in its distinctive NRG Marks, including federal registrations covering many of those marks.

54.    The acts of NextNRG are likely to cause confusion, to cause mistake, or to deceive.

55.     The acts of NextNRG complained of herein constitute infringement of NRG Energy's federally registered marks in violation of 15 U.S.C. § 1114(1).

56.     Upon information and belief, NextNRG's acts complained of herein have been deliberate, willful, intentional, in bad faith, and with full knowledge and conscious disregard of NRG Energy's rights in its registered NRG Mark, and with an intent to trade on the goodwill associated with that mark.  In view of the nature of NextNRG's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

57.     NRG Energy repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

58.     NRG Energy owns senior, enforceable federal rights in its distinctive NRG Marks.

59.     The acts of NextNRG are likely to cause confusion, to cause mistake, or to deceive.

60.     The acts of NextNRG complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

## COUNT III: FEDERAL CYBERSQUATTING

61.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

62.     NextNRG registered and uses the domain name nextnrg.com, which is identical or confusingly similar to Plaintiff's NRG Mark.

63.    Plaintiff's NRG Mark was registered and distinctive at the time NextNRG registered the nextnrg.com domain name.

64.    NextNRG registered and has used the nextnrg.com domain name with a bad faith intent to profit from the NRG Mark.

65.    The acts of NextNRG complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(d).

## COUNT IV: TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW

66.    NRG Energy repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

67.    NRG Energy owns senior, enforceable rights in Texas in its distinctive NRG Marks.

68.    The acts of NextNRG are likely to cause confusion, to cause mistake, or to deceive.

69.    The acts of NextNRG complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT V: UNFAIR COMPETITION UNDER TEXAS COMMON LAW

70.    NRG Energy repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

71.    NRG Energy owns senior, enforceable rights in Texas in its distinctive NRG Marks.

72.    The acts of NextNRG are likely to cause confusion, to cause mistake, or

to deceive.

73.     The acts of NextNRG complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## JURY DEMAND

74.     NRG Energy demands a jury trial in accordance with Fed. R. Civ. P. 38(b).


## PRAYER FOR RELIEF

Plaintiff NRG Energy prays that:

(a)     A Final Judgment be entered that NextNRG has: (i) infringed Plaintiff's Federal Trademark Registration Nos. 2182531, 4016975, 4029969, 4195793, 5134090, 5134091, and 6130474 under 15 U.S.C. § 1114(1); (ii) engaged in unfair competition, including trademark infringement, false designations of origin, or false or misleading descriptions or representations of fact under 15 U.S.C. § 1125(a); (iii) engaged in cybersquatting under 15 U.S.C. § 1125(d); (iv) engaged in trademark infringement under the common law of the State of Texas; and (v) engaged in unfair competition under the common law of the State of Texas;

(b)     Preliminary and permanent injunctions under 15 U.S.C. § 1116 be entered against NextNRG, its principals, owners, affiliates, subsidiaries, related companies, and all those acting in concert or participation with them, enjoining and restraining them from:

(i) using any trade name, trademark, service mark, Internet web page, domain name, social media name or account, signage, advertisement,

or any materials which depict, contain, or consist of any name or mark confusingly similar to the NRG Mark, including but not limited to use of "NEXTNRG," "NEXT NRG," "NRG," or any other word(s), symbol(s) or design(s) confusingly similar thereto;

(ii) otherwise competing unfairly with Plaintiff in any manner, including, without limitation, unlawfully adopting or infringing upon the NRG Mark, and/or adopting or using any trade name, trademark, service mark, Internet web page, domain name, social media name or account, signage, advertisement, or any materials which depict, contain, or consist of any name or mark confusingly similar to the NRG Mark, including but not limited to use of "NEXTNRG," "NEXT NRG," "NRG," or any other word(s), symbol(s) or design(s) confusingly similar thereto;

(iii) registering, applying to register, or maintaining any application or registrations for any trade name, trademark, service mark, Internet web page, domain name, social media name or account, or other indication of source which depicts, contains, or consists of any name or mark confusingly similar to the NRG Mark, including but not limited to use of "NEXTNRG," "NEXT NRG," "NRG," or any other word(s), symbol(s) or design(s) confusingly similar thereto;

(iv) committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe

- 18 -

Plaintiff's trademark rights, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of NextNRG by, with or from Plaintiff; and

(v) conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i), (ii) and (iii) above.

(c)    Consistent with paragraph (a) above, NextNRG be required to remove from sale or display, and recall, without limitation, any and all products, catalogs, websites, social media accounts, advertisements, and any other items or goods bearing the infringing mark "NEXTNRG," "NEXT NRG," "NRG," or any other word(s), symbol(s) or design(s) confusingly similar thereto;

(d)    NextNRG be required within thirty (30) days after entry and service of any and all injunctions requested herein to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, and any other materials in its possession or control bearing or depicting  any name or mark confusingly similar to the NRG Mark or NEXTNRG Mark, including but not or any other word or words confusingly similar thereto as a trademark as well as all  molds and other means of making the same as provided by 15 U.S.C. § 1118.  The relief sought by this paragraph also requests that NextNRG be required to cease any and all Internet advertising of any type by NextNRG which may be viewed in the United States that depicts, contains, or consists of any name

or mark confusingly similar to the NRG Mark, including but not limited to use of "NEXTNRG," "NEXT NRG," "NRG," or any other word(s), symbol(s) or design(s) confusingly similar thereto;

(e)     NextNRG be required to within thirty (30) days after entry and service of any and all injunctions requested herein, submit to the Court and serve upon Plaintiff a list of all domain names and social media accounts it owns or controls which incorporate "NEXTNRG," "NEXT NRG," "NRG," or any other word(s), symbol(s) or design(s) confusingly similar thereto, including but not limited to nextnrg.com. NextNRG will then be required to transfer to Plaintiff all such identified domain names.

(f)     NextNRG be required to file with this Court and to serve upon NRG, within thirty (30) days after the entry and service on NextNRG of any and all injunctions requested herein, a report in writing and under oath setting forth in detail the manner and form in which NextNRG complied with the injunction issued by the Court;

(g)     An accounting be directed to determine the profits of NextNRG resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(h)     NextNRG be prohibited from importing any infringing goods into the United States and transporting any infringing goods in commerce for export outside the United States;

(i)     NextNRG be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions;

(j)     Plaintiff be awarded compensatory damages and statutory damages to which it is entitled under each cause of action asserted herein;

(k)     A Final Judgment be entered finding that this is an exceptional case under 15 U.S.C. 1117(a);

(l)     Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorney fees because this is an exceptional case pursuant to 15 U.S.C. § 1117;

(m)     Plaintiff be awarded its costs of this action, and prejudgment and post-judgment interest; and

(n)     Plaintiff be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 18, 2025

/s/ Christopher M. Weimer
Christopher M. Weimer
Attorney-in-Charge
Texas Bar No. 24061894
S.D. Tex. Bar No. 1171827
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

ATTORNEYS FOR PLAINTIFF,
NRG Energy, Inc.

Of Counsel:
Travis R. Wimberly

State Bar No. 24075292
S.D. Tex. Bar No. 1804532
twimberly@pirkeybarber.com

PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200
(512) 322-5201 (Fax)